LEO STIRN, Appellant, *v.* HANS HEMKEN et al., Respondents.

*A firm formed by two of the three members, and continuing the business, of a dissolved firm is not liable upon the latter's obligations — limitation of the time during which a person may compel an accounting by a dissolved firm.*

A firm organized, immediately after the dissolution of a former firm, by two of the three members thereof and engaging in the same business, is not liable upon the obligations of such former firm in respect to commissions to be paid upon certain goods used in the business done by it.

A firm bound itself to pay commissions to a person, upon certain goods to be imported and sold, by an agreement dated January 30, 1888, for a term of five years, and immediately thereafter imported and sold certain of the goods therein mentioned, and rendered an account to such person of his share of the profits, and paid him the amount thereof, informing him at the same time that the firm would discontinue dealing in such goods. Thereafter, in September, 1889, the firm was dissolved by the retirement of one of its members, and the two remaining partners formed a new firm and continued the business, under a different firm name, until 1890, when one of the remaining partners retired and the third partner continued the business in his own name.

In an action brought by such person against the three members of the first firm, to compel an accounting under such agreement, there was no proof that, subsequent to March, 1888, any of the articles mentioned in the contract were imported or sold by the defendants.

*Held,* that the plaintiff was only entitled to an accounting up to the date of the dissolution of the first firm.

APPEAL by the plaintiff, Leo Stirn, from an interlocutory judgment of the Supreme Court, rendered at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 19th day of April, 1893, adjudging that the defendants account to the plaintiff for the importations and sales by them of certain goods, and that they pay over to the plaintiff the amount found to be due him, such accounting to be limited to the date of the dissolution of the defendants' firm in September, 1889.

*Charles Strauss,* for the appellant.

*Blumenstiel & Hirsch,* for the respondents.

PER CURIAM:

This action was brought to compel defendants to account under an agreement by which they, under the firm name of Hemken, Slayton & Co., bound themselves to pay commissions on certain goods to be imported and sold. The agreement was for a term of five years, and was dated January 30, 1888. The defendants, having immediately thereafter imported and sold the goods therein mentioned, rendered an account in March, 1888, for plaintiff's share of the profits, and paid him the amount, informing him at the same time that the firm would discontinue dealing in such goods. Subsequently, and in September, 1889, the firm dissolved by the retirement of Toepken, one of the members, and thereafter the remaining partners formed a new firm under the name of Hemken & Slayton, and continued the business until 1890, when Slayton retired, and the defendant Hemken thereafter conducted the business in his own name.

Upon such facts the trial judge decided that plaintiff was entitled to an accounting, but limited the date of the accounting to September, 1889, which was the date of the dissolution of the firm with which the contract was made. And it is from such limitation that this appeal is taken, the appellant contending that he was entitled to have an accounting from each and all of the defendants for the entire period of five years.

The difficulty with this contention, however, is that there is no

proof in the case that subsequent to March, 1888, any of the articles mentioned in the contract were imported or sold by the defendants. But apart from this, we think the trial judge properly limited the account to the date when the firm was dissolved. The fact that another firm was organized did not impose upon such firm all the obligations of a former firm with which some of its members may have been connected. Of course, there are cases which are authority for the position that, had the new firm assumed the obligations of the contract, or if it had been proven that they continued the importation and sale of these goods, thus reaping the benefits under the contract, some basis might have been laid for an accounting beyond the date of the dissolution of the first firm. But, in the absence of such evidence, we think that the conclusion reached by the trial judge was as favorable to the plaintiff as the facts warranted.

The judgment appealed from should, therefore, be affirmed, with costs.

Present — O'BRIEN, FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.